[Cite as *State v. Gillespie*, 2012-Ohio-3485.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-6 |
| JOSEPH GILLESPIE | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Tuscarawas
County Court of Common Pleas, Case No.
2011CR050139

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      July 30, 2012

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

RYAN STYER                  GERALD LATANICH
550 North College Street         153 North Broadway
Newcomerstown, OH 43832      New Philadelphia, OH 44663

*Gwin, P.J.*

**{¶1}** On February 23, 2011, appellant Joseph Gillespie ["Gillespie"] was indicted by the Tuscarawas County Grand Jury on one count of Passing Bad Checks, in violation of R.C. 2913.11(B), a felony of the fifth degree.

**{¶2}** On October 5, 2011, Gillespie pleaded guilty to the charge.

**{¶3}** On January 9, 2012, Gillespie was sentenced to 2 years of Community Control. The trial court reserved a six-month term of local incarceration in the event Gillespie was convicted of violating the terms of his Community Control sanctions.

**{¶4}** Gillespie timely appeals his conviction and sentence raising the following assignment of error:

**{¶5}** "I. THE TRIAL COURT ERRED WHEN IT CONVICTED MR. GILLESPIE OF A FIFTH-DEGREE FELONY, WHEN THE GENERAL ASSEMBLY INTENDED THE OFFENSE COMMITTED BY MR. GILLESPIE TO BE CATEGORIZED AS A FIRST-DEGREE MISDEMEANOR."

I.

**{¶6}** On September 30, 2012, after the date of Gillespie's plea but before the date of his sentencing, R.C. 2913.02 was amended as part of 2011 Am.Sub.H.B. No. 86. R.C. 2913.02(B) was amended to provide that,

> (2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars or if the property stolen is any of the

property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree.

**{¶7}** The effect of this amendment was to raise the minimum value of property stolen to constitute a felony theft from $500.00 to $1,000.00. Gillespie argues that since he was sentenced following the effective date of the amended statute, R.C. 1.58 requires that he receive the benefit of the lesser sentence provided for in the amended statute, which reduced the penalty from that prescribed for a felony of the fifth degree to that prescribed for a misdemeanor of the first degree.

**{¶8}** The state argues that Gillespie is correct that the new value provisions for theft became effective on September 30, 2011 and that R.C. 1.58 would appear to indicate that Gillespie is entitled to the "misdemeanor sanctions"; however, the state argues he is not entitled to have the theft offense reclassified as a misdemeanor.

### *ANALYSIS*

**{¶9}** R.C. 1.48 provides, "A statute is presumed to be prospective in its operation unless expressly made retrospective." Thus, a statute may not be applied retroactively unless the court finds a "clearly expressed legislative intent" that the statute so apply. *State v. Cook*, 83 Ohio St.3d 404, 410, 700 N.E.2d 570(1988).

> The issue of whether a statute may *constitutionally* be applied retrospectively does not arise unless there has been a prior determination that the General Assembly has specified that the statute so apply. Upon its face, R.C. 1.48 establishes an analytical threshold which must be crossed prior to inquiry under Section 28, Article II. As we pronounced in *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 339,

503 N.E.2d 753, 756, where "there is no clear indication of retroactive application, then the statute may *only* apply to cases which arise subsequent to its enactment."

*Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489(1988), *superseded on other grounds by statute as stated in Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 484, 696 N.E.2d 1044(1998).

**{¶10}** In the case at bar, 2011 Am.Sub.H.B. No. 86 provided in relevant part,

The amendments to sections...2913.02... of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section *and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.*

The provisions of sections...2913.02...of the Revised Code in existence prior to the effective date of this section *shall apply to a person upon whom a court imposed sentence prior to the effective date of this section* for an offense specified or penalized under those sections. The amendments to sections...2913.02... that are made in this act *do not apply* to a person who *upon whom a* court *imposed sentence prior to the effective date of this section* for an offense specified or penalized under those sections.

(Emphasis added).

**{¶11}** R.C. 1.58 effect of reenactment, amendment, or repeal of statute on existing conditions provides,

(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

(1) Affect the prior operation of the statute or any prior action taken thereunder;

(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

{¶12} When reading 2011 Am.Sub.H.B. No. 86 and its specific reference to division (B) of R.C.1.58  we conclude that the legislature expressed its intention that the amended version of R.C. 2913.02 apply to a person who is sentenced on and after September 30, 2011 unless ex post facto concerns are present. Although the Constitution's Ex Post Facto Clause prohibits applying a new Act's higher penalties to

pre-Act conduct, it does not prohibit applying lower penalties. See *Dorsey v. United States,* 567 U.S.__, 132 S.Ct. 2321, 2332 (June 21, 2012).

{¶13} Having determined that the statute at issue meets the threshold test for retroactive application contained in R.C. 1.48, we must now inquire whether it contravenes the ban upon retroactive legislation set forth in Section 28, Article II of the Ohio Constitution. *Van Fossen,* 36 Ohio St.3d at 106.

{¶14} In its simplest form, to constitute a theft offense it need only be proven that some property of value has been taken. R.C. 2913.02 does not require the indictment to allege, or the evidence to establish, any particular value of the property taken. The offense of theft therein defined is complete and the offender becomes guilty of theft without respect to the value of the property or services involved. However, it becomes necessary to prove the value of the property taken, and likewise necessary that the jury find the value and state it in the verdict in order to measure the penalty. "Therefore, in such case, the verdict must find the value to enable *the court to administer the appropriate penalty.*" *State v. Whitten,* 82 Ohio St. 174, 182, 92 N.E.2d 79(1910). (Emphasis added).

{¶15} The amendment to R.C. 2913.02 raising the line of demarcation from five hundred dollars to one thousand dollars relates only to the penalty. 2011 Am.Sub.H.B. No. 86 operates, when the value of the property stolen falls between these two limitations, to reduce the penalty from that prescribed for a felony of the fifth degree to that prescribed for a misdemeanor of the first degree. Accordingly, the amendment comes within the provisions of R.C. 1.58(B), requiring, in the instant case, that the amendment be applied, and that the penalty be imposed according to the amendment.

That penalty is a misdemeanor offense with a misdemeanor sentence not a felony offense with a misdemeanor sentence. Several cases have applied R.C. 1.58(B) to situations in which the defendants committed theft offenses prior to, but were sentenced after, the effective date of legislation which reduced their offenses from felonies to misdemeanors. *State v. Collier*, 22 Ohio App.3d 25, 27, 488 N.E.2d 887(1984); *State v. Coffman*, 16 Ohio App.3d 200, 475 N.E.2d 139(1984); *State v. Burton*, 11 Ohio App.3d 261, 464 N.E.2d 186(1983).

**{¶16}** Recently, the United States Supreme Court held that the more lenient penalties of the Fair Sentencing Act, which reduced the crack-to-powder cocaine disparity, applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date. *Dorsey v. United States,* 567 U.S.__, 132 S.Ct. 2321, 2332 (June 21, 2012). Although the Court interpreted the federal statutory scheme, which is somewhat different from the one presently under consideration in the case at bar, we share the Court's concern that,

> [A]pplying the 1986 Drug Act's old mandatory minimums to the post-August 3 sentencing of pre-August 3 offenders would create disparities of a kind that Congress enacted the Sentencing Reform Act and the Fair Sentencing Act to prevent. Two individuals with the same number of prior offenses who each engaged in the same criminal conduct involving the same amount of crack and were sentenced at the same time would receive radically different sentences.
>
> * * *

Moreover, unlike many prechange/postchange discrepancies, the imposition of these disparate sentences involves roughly contemporaneous sentencing, *i.e.,* the same time, the same place, and even the same judge, thereby highlighting a kind of unfairness that modern sentencing statutes typically seek to combat...

567 U.S.__, 132 S.Ct. at 2333. The same is true in this case. Two individuals accused of the same conduct could be treated differently and receive different sentences, one a felony and one a misdemeanor, after the amendments had become effective even though both were sentenced on the same date. We find no strong countervailing considerations between pre-amendment offenders such as Gillespie sentenced after September 30, 2011 and post-amendment offenders that make a critical difference to require them to be treated differently. *Dorsey* at 2335.

{¶17} Accordingly, Gillespie's sole assignment of error is sustained, the judgment of the Tuscarawas County Court of Common Pleas is reversed, and this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS

WSG:clw 0712

[Cite as *State v. Gillespie*, 2012-Ohio-3485.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
JOSEPH GILLESPIE                        :
                                        :
                                        :
            Defendant-Appellant         :        CASE NO. 2012-CA-6


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Tuscarawas County Court of Common Pleas is reversed, and this case is remanded

for proceedings in accordance with our opinion and the law.  Costs to appellee.



                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. JOHN W. WISE


                                        _____
                                        HON. JULIE A. EDWARDS