[Cite as *State v. David*, 2012-Ohio-3984.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 11-CA-110 |
| CHELSEA L. DAVID | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 11 CR 00245

JUDGMENT:                   AFFIRMED

DATE OF JUDGMENT ENTRY:     August 28, 2012

APPEARANCES:

For Appellant:                      For Appellee:

KENNETH W. OSWALT                   KORT GATTERDAM
LICKING COUNTY PROSECUTOR           ERIK P. HENRY
                                    280 Plaza, Suite 1300
BRIAN T. WALTZ                      280 N. High St.
20 S. Second St., 4th Floor         Columbus, OH 43215
Newark, OH 43055

*Delaney, P.J.*

{¶1} Plaintiff-Appellant State of Ohio appeals the October 21, 2011 sentencing entry of the Licking County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} Between January 22, 2011 and January 25, 2011, Defendant-Appellee Chelsea L. David deposited three checks into a Park National Bank account using several ATMs. The checks were drawn on a closed Chase Bank account. David immediately withdrew the funds from the account. The total value of the deposited checks was $947.50.

{¶3} On May 20, 2011, David was indicted on one count of theft in violation of R.C. 2913.02(A)(2) and/or (3) and one count of passing bad checks in violation of R.C. 2913.11(B). Both counts alleged the values of the property stolen and checks transferred were $500 or more but less than $5,000. At the time of the indictment, the statutes stated both counts were felonies of the fifth degree. David entered a not guilty plea on June 15, 2011.

{¶4} Amended Substitute House Bill 86 ("H.B. 86") went into effect on September 30, 2011. H.B. 86 amended R.C. 2913.02 and 2913.11 to raise the minimum value of the property stolen or the amount of the check transferred from $500 to $1,000 in order for a violation of the section to constitute a felony of the fifth degree. Otherwise, a violation of R.C. 2913.02 or 2913.11 for an amount below $1,000 was a misdemeanor of the first degree.

{¶5} David changed her plea and pleaded guilty to both counts of the indictment on October 21, 2011. In accepting David's plea and imposing a sentence, the trial court noted the impact of H.B. 86. The October 21, 2011 sentencing entry

states: "Although Counts 1 and 2 were indicted as felonies of the fifth degree, HB 86, effective September 30, 2011, increased the valuation threshold for an F-5 from $500.00 to $1,000.00. As a result, and in accordance with R.C. 1.58, these offenses are now misdemeanors of the first degree." The trial court imposed community control sanctions for one year and ordered restitution in the amount of $947.50 to Park National Bank.

{¶6}   It is from this decision the State now appeals.

## ASSIGNMENT OF ERROR

{¶7}   The State raises one Assignment of Error:

{¶8}   "THE TRIAL COURT COMMITTED HARMFUL ERROR IN REDUCING THE APPELLEE'S CHARGES TO MISDEMEANORS."

## ANALYSIS

{¶9}   The State argues in its sole Assignment of Error the trial court erred in reducing David's charges for theft and passing bad checks from fifth-degree felonies to first-degree misdemeanors based on H.B. 86 and R.C. 1.58. We disagree.

{¶10} H.B. 86 became effective on September 30, 2011. R.C. 2913.02, as amended by H.B. 86, states:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or the services in any of the following ways:

* * *

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) By deception;

* * *

(B)(1) Whoever violates this section is guilty of theft.

(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree.  If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars or if the property stolen is any property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree.  * * *

{¶11} R.C. 2913.11, as amended by H.B. 86, states:

* * *

(B) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument.

* * *

(F) Whoever violates this section is guilty of passing bad checks.  Except as otherwise provided in this division, passing bad checks is a misdemeanor of the first degree.  If the check or checks or other negotiable instrument or instruments are issued or transferred to a single vendor or single other person for the payment of one thousand dollars or more but less than seven thousand five hundred dollars or if the check or

checks or other negotiable instrument or instruments are issued or transferred to multiple vendors or persons for the payment of one thousand five hundred dollars or more but less than seven thousand five hundred dollars, passing bad checks is a felony of the fifth degree. * * *

{¶12} The trial court applied R.C. 1.58 to the amended statutes to determine David's charges should be reduced to first-degree misdemeanors. R.C. 1.58 reads:

(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

(1) Affect the prior operation of the statute or any prior action taken thereunder;

(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or

punishment, if not already imposed, shall be imposed according to the statute as amended.

The State argues R.C. 1.58(B) does not apply to the present case because the amendments to R.C. 2913.02 and 2913.11 do not involve a penalty, forfeiture, or punishment. Specifically, the State argues that by altering the valuation amount of the statutes, H.B. 86 simply amended an element of the offense of theft and passing bad checks, therefore making R.C. 1.58 inapplicable.

{¶13} This Court recently analyzed a similar argument raised as to H.B. 86 in the case of *State v. Gillespie*, 5th Dist. No. 2012-CA-6, 2012-Ohio-3485. In that case, the defendant was indicted on February 23, 2011 for passing bad checks in violation of R.C. 2913.11(B). The defendant pleaded guilty to the charge on October 5, 2011 and was sentenced on January 9, 2012. The trial court sentenced the defendant to two years of community control sanctions. On appeal, the defendant argued the trial court erred in convicting the defendant of a fifth-degree felony when H.B. 86 categorized the offense committed by the defendant as a first-degree misdemeanor. *Id.* at ¶1-5.

{¶14} We agreed with the defendant's argument and reversed the decision of the trial court. We first held H.B. 86 specifically referred to R.C. 1.58(B) thereby demonstrating the intention of the General Assembly that the amended version of the statute applies to a person sentenced on and after September 30, 2011. *Id.* at ¶12. We next determined in a theft offense, the value of the property stolen is relevant only to the measure of the appropriate penalty. *Id.* at ¶14-15. H.B. 86 operated to reduce the penalty from a fifth-degree felony to a first-degree misdemeanor based on the

valuation threshold. *Id.* Therefore, R.C. 1.58(B) was applicable to the amended statute because the amended statute functioned to reduce the penalty imposed. *Id.* at ¶15.

{¶15} In the present case, David was charged with violations of R.C. 2913.02 and 2913.11 based on her passing of bad checks in the amount of $947.50. David was indicted on May 20, 2011. H.B. 86, which amended the valuation thresholds of R.C. 2913.02 and 2913.11, became effective on September 30, 2011. On October 21, 2011, the trial court found David guilty of violations of R.C. 2913.02 and 2913.11, but reduced David's charges to first-degree misdemeanors pursuant to the amended valuation thresholds established in H.B. 86. In accord with our decision in *State v. Gillespie, supra*, we find no error by the trial court in following the mandates of H.B. 86 and R.C. 1.58(B).

## CONCLUSION

{¶16} Based on the foregoing, the State's sole Assignment of Error is overruled.

{¶17} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


PAD:kgb

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
   Plaintiff - Appellant               :       JUDGMENT ENTRY
                                       :
                                       :
-vs-                                   :
                                       :       Case No.    11-CA-110
CHELSEA L. DAVID                       :
                                       :
   Defendant - Appellee                :


   For the reasons stated in our accompanying Opinion on file, the judgment of the

Licking County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE