THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

[Cite as *State v. Taylor,* 138 Ohio St.3d 194, 2014-Ohio-460.]

*Criminal law—R.C. 1.58(B)—2011 Am.Sub.H.B. No. 86—A defendant may benefit from the decrease in a classification and a penalty enacted after the commission of the offense but before sentencing.*

(Nos. 2012-2136—Submitted November 6, 2013—Decided February 13, 2014.)

CERTIFIED by the Court of Appeals for Summit County,

No. 26279, 2012-Ohio-5403.

_____

O'DONNELL, J.

{¶ 1} The Ninth District Court of Appeals certified a conflict between its decision in this case and decisions of the Fifth District Court of Appeals in *State v. Gillespie*, 2012-Ohio-3485, 975 N.E.2d 492 (5th Dist.) and *State v. David*, 5th Dist. Licking No. 11-CA-110, 2012-Ohio-3984, on the following issue: whether the defendant may benefit from the decrease in a classification and penalty of an offense enacted by the General Assembly that becomes effective after the commission of the offense but before sentencing on that offense.

{¶ 2} On July 23, 2011, Lucious Taylor stole $550 worth of cologne from a Sears store. At that time, R.C. 2913.02 classified that theft offense as a fifth-degree felony. However, prior to sentencing, the General Assembly enacted Am.Sub.H.B. No. 86 ("H.B. 86"), effective September 30, 2011, which amended several sections of the criminal code to decrease the offense classifications, thereby reducing the penalty or punishment for some offenses, and among other changes made theft of property valued at less than $1,000 a first-degree misdemeanor and correspondingly reduced the maximum punishment for the offense. On December 27, 2011, the trial court convicted Taylor of a

misdemeanor and sentenced him for that offense. The appellate court, in a two-to-one decision, reversed the trial court and held that because nothing in H.B. 86 provided that Taylor was entitled to benefit from the decrease in classification of the theft offense, he should have been convicted of a felony, but had been correctly sentenced as a misdemeanant.

{¶ 3} The outcome of this case is directly affected by R.C. 1.58(B), which specifies that if the penalty or punishment for an offense has been reduced by amendment of a statute, the reduced penalty or punishment shall be imposed unless sentence had been previously imposed.

{¶ 4} We answer the certified question in the affirmative and conclude that the legislature intended to afford the benefit of a decreased theft offense classification to offenders like Taylor, and therefore the trial court properly convicted and sentenced him for a misdemeanor violation.

### Facts and Procedural History

{¶ 5} On July 23, 2011, Lucious Taylor shoplifted $550 worth of cologne from a Sears department store in Akron, Ohio. A Summit County grand jury subsequently indicted him for theft of property valued at $500 or more but less than $5,000, a fifth-degree felony.

{¶ 6} Effective September 30, 2011, the General Assembly enacted H.B. 86, and among other changes to Ohio's sentencing laws, it decreased the classification of theft of property valued at less than $1,000, making the offense a first-degree misdemeanor, which correspondingly reduced the punishment for that offense.

{¶ 7} On December 19, 2011, Taylor pled no contest to theft, and the trial court convicted and sentenced him for a first-degree misdemeanor.

{¶ 8} The state obtained leave to appeal the court's decision to convict Taylor of a misdemeanor rather than a felony. In a divided opinion, the Ninth District Court of Appeals concluded that the trial court had properly sentenced

Taylor as a first-degree misdemeanant, but it determined that the court should have convicted Taylor of a felony, because the General Assembly had not made the amendments to R.C. 2913.02 retroactive and because it concluded that R.C. 1.58(B) applies only to the penalty, forfeiture, or punishment for an offense, not to decreases in classification or degree of offenses.

{¶ 9} The dissent in the appellate court referenced the uncodified law enacted by H.B. 86, noting that it afforded the benefit of the amendments to all offenders included pursuant to R.C. 1.58(B), not only those who committed offenses on or after the effective date of the enactment. It concluded that because R.C. 1.58 applied to Taylor, the decrease in classification and degree enacted by H.B. 86 should apply as well.

{¶ 10} The appellate court certified a conflict with *State v. Gillespie*, 2012-Ohio-3485, 975 N.E.2d 492 (5th Dist.), and *State v. David*, 5th Dist. Licking No. 11-CA-110, 2012-Ohio-3984. In the conflict cases, the Fifth District Court of Appeals concluded that by incorporating R.C. 1.58(B) in uncodified law enacted by H.B. 86, the General Assembly signaled its intent for the amended version of R.C. 2913.02 to apply to a person sentenced on and after September 30, 2011. The court explained that the value of the property stolen relates only to the penalty that may be imposed, and for property valued at less than $1,000, "[t]hat penalty is a misdemeanor offense with a misdemeanor sentence not a felony offense with a misdemeanor sentence." *Gillespie* at ¶ 15.

{¶ 11} We accepted the certified conflict for resolution.

**Law and Analysis**

{¶ 12} The General Assembly is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 12; *State v. Thompkins*, 75 Ohio St.3d 558, 560, 664 N.E.2d 926 (1996); *State v. Rush*, 83 Ohio St.3d 53, 57,

697 N.E.2d 634 (1998) (opinion of Moyer, C.J., and Cook and Lundberg Stratton, JJ.).

**{¶ 13}** We have recognized that concomitant with its plenary power to prescribe crimes and penalties, the legislature may extend the benefit of lesser penalties and reduced punishment to those who committed offenses prior to the effective date of legislation. *State v. Morris*, 55 Ohio St.2d 101, 378 N.E.2d 708 (1978), syllabus. However, an offender may not benefit from a reduction in the penalty or punishment when the legislature expressly provides that the amended sentencing provisions apply only to those offenses committed on or after the effective date of the enactment. *See Rush* at paragraph two of the syllabus.

**{¶ 14}** Our role, in the exercise of the judicial power granted to us by the Constitution, is to interpret the law that the General Assembly enacts, and the primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, 919 N.E.2d 190, ¶ 18. We are guided in this task in this case by the uncodified language provided in Section 4 of H.B. 86:

> The amendments to section[ ] * * * 2913.02 * * * of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

**{¶ 15}** R.C. 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 16} The central position advanced by the state is that R.C. 1.58(B) refers to amendments to the penalty, forfeiture, or punishment for an offense and does not refer to amendments to the classification or degree of an offense. The flaw in that position, however, is that implicit in a decrease in the classification of an offense from a felony of the fifth degree to a misdemeanor of the first degree is a corresponding reduction in the penalty or punishment for that conduct. That is what has occurred here, and we resolve this case in accordance with the express intent of the legislature as contained in the title of H.B. 86: "to increase from $500 to $1,000 the threshold amount for determining increased penalties for theft-related offenses * * * [and] to increase by 50% the other threshold amounts for determining increased penalties for those offenses."

{¶ 17} The real question presented here is not that the amendments to R.C. 2913.02 changed the penalty or punishment provisions or the criminal offense classifications, but rather whether the amendments apply to those in Taylor's circumstances, who had committed the theft offense prior to the effective date of the amendment. In this regard, the legislature intended that the amendments apply to all offenders, regardless of when their offenses were committed, because it conditioned application of the reduced penalty—which arises by virtue of the reduced classification—on whether or not the offenders had been previously sentenced. This conclusion accords with the goals of the General Assembly to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison. Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011), available at www.legislative.state.oh.us/fiscalnotes.cfm ?ID=129_HB_86&ACT=As%20Enrolled (accessed Dec. 17, 2013).

{¶ 18} In resolving this case, the appellate court concluded that Taylor should have been convicted of a felony offense but sentenced as a misdemeanant.

Notably, the legislature has provided no statutory authority for those convicted of a felony offense to be sentenced pursuant to the sentencing statute for misdemeanants. And as we observed in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332:

> Judges have no inherent power to create sentences. * * * Rather, judges are duty-bound to apply sentencing laws as they are written. * * * "[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove* [*v. Burns*], 175 Ohio St. [437,] 438, 25 O.O.2d 447, 195 N.E.2d 811 [(1964)].

*Id*. at ¶ 22.

**Conclusion**

{¶ 19} R.C. 1.58(B) provides that if the penalty or punishment for an offense is reduced by amendment of a statute and if sentence has not already been imposed, then the amended reduced penalty or punishment shall be imposed. Thus, in accordance with R.C. 1.58(B) and the uncodified portion of Section 4 of H.B. 86, the determining factor on whether the provisions of H.B. 86 apply to an offender is not the date of the commission of the offense but rather whether sentence has been imposed.

{¶ 20} In this case, Taylor had not been sentenced as of the date the amendments became effective and therefore pursuant to R.C. 1.58(B), the court had a duty to impose sentence in accord with the amended statutes.

{¶ 21} We therefore answer the certified conflict in the affirmative and reverse the judgment of the court of appeals.

Judgment reversed.

PFEIFER, Acting C.J., and HARSHA, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., dissents.

WILLIAM H. HARSHA, J., of the Fourth Appellate District, sitting for O'CONNOR, C.J.

_____

**HARSHA, J., concurring.**

{¶ 22} The question presented by this certified-conflict case is whether the legislature intended to provide the benefit of both a decreased penalty and a lower offense classification to offenders who committed their offense prior to the enactment of 2011 Am.Sub.H.B. No. 86 ("H.B. 86") but who were not sentenced until after the act's effective date. I concur in the majority opinion and emphasize one factor that bolsters my conclusion: the express reference in section 4 of H.B. 86 to R.C. 1.58(B).

{¶ 23} Why would the legislature have included the reference to R.C. 1.58(B), which would have applied by operation of law if the reference had not been included, unless its inclusion was intended to have some independent impact on the question of retroactivity? Was it mere surplusage, i.e., superfluous? The General Assembly is not presumed to do a useless thing, and when language is inserted in a statute, it is inserted to accomplish a definite purpose. *State v. Wilson*, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997). We are reminded to avoid a construction that would render any provision meaningless or superfluous. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 23. This court and the rules of statutory construction have admonished those charged with discerning legislative intent to apply every word used in legislation. *State v. Moaning*, 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996).

**{¶ 24}** The legislature instructed us that "[t]he *amendments* to section[] * * * 2913.02 * * * of the Revised Code * * * apply * * * to a *person* to whom division (B) of section 1.58 * * * makes the amendments applicable." (Emphasis added.) Section 4 of H.B. 86. R.C. 1.58(B) applies to reduce Taylor's penalty because he was not sentenced until after the effective date of H.B. 86. Because R.C. 1.58 applies to reduce Taylor's penalty, the uncodified language in H.B. 86 makes all the amendments to R.C. 2913.02 also apply, i.e., he gets both a reduced penalty and reduced classification regardless of whether "classification" and "penalty" are in effect one and the same.

**{¶ 25}** If the legislature had intended that only a reduced-penalty benefit would apply to Taylor, it did not have to refer to R.C. 1.58(B). That result would have occurred by operation of law. Thus, it is clear to me that the legislature intended its reference to R.C. 1.58(B) to have the effect we give it.

_____

**FRENCH, J., dissenting.**

**{¶ 26}** The central question before us is whether the classification level of an offense qualifies as a "penalty" or "punishment" to the offender, apart from any actual sentence the offender receives. Because the answer to this question is no, and because the majority largely avoids the issue, I must respectfully dissent.

**{¶ 27}** 2011 Am.Sub.H.B. No. 86 ("H.B. 86") amended R.C. 2913.02, changing Taylor's theft of $550 worth of cologne from a fifth-degree felony to a first-degree misdemeanor. We must decide whether this amendment, which became effective after Taylor committed his offense, but before he was sentenced, retroactively applies to Taylor. Section 4 of H.B. 86 ("Section 4") explains how retroactivity should work for offenders in Taylor's position, stating: "The amendments to * * * [R.C.] 2913.02 * * * apply * * * to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." By the plain terms of Section 4, a defendant can receive the

retroactive benefit of the statutory amendment only if R.C. 1.58(B) "makes the amendment[] applicable" to him. Thus, to determine whether an amendment will retroactively apply to a defendant, a court must filter the amendment through R.C. 1.58(B) to determine whether R.C. 1.58(B) forces application of the amendment.

{¶ 28} R.C. 1.58(B) provides that "[i]f the *penalty, forfeiture, or punishment* for any offense is reduced by * * * amendment of a statute, the *penalty, forfeiture, or punishment*, if not already imposed, shall be imposed according to the statute as amended." (Emphasis added.) Plainly, not all statutory amendments will be retroactive under R.C. 1.58(B). Only those dealing with a "penalty, forfeiture, or punishment" qualify. Thus, we must ultimately determine whether the amendment in Taylor's case qualifies as a change in Taylor's penalty, forfeiture, or punishment.

{¶ 29} H.B. 86 changed the classification level for Taylor's theft offense from a fifth-degree felony to a first-degree misdemeanor. An offense-level classification, by itself—and aside from any actual sentence—is not a penalty or punishment. Taylor argues that because a felony conviction carries numerous collateral disadvantages, such as losing the right to vote, to hold certain public offices, or to apply for certain licensures, the offense-level classification is itself a penalty. This argument is not persuasive. R.C. 1.58(B) covers only reductions in "the penalty, forfeiture, or punishment *for any offense*." (Emphasis added.) Having a felony record may independently disadvantage Taylor, but any such disadvantages would not arise from application of R.C. 2913.02 and would not be penalties *for Taylor's theft offense*. They would simply be the general consequences of being a felon.

{¶ 30} Moreover, not every higher offense-level classification carries additional consequences. Not all offenders will be faced with the difference between a felony conviction and a misdemeanor conviction. Some offenses may

have changed only from a level-three felony to a level-four felony, or from a level-two misdemeanor to a level-three misdemeanor.

{¶ 31} Taylor focuses solely on the collateral disabilities associated with felonies, but even a felony conviction does not necessarily entail any additional consequences for a particular defendant. For instance, if an offender already had ten felony convictions on his record, one additional felony conviction may not result in any new disabilities; the offender would already have been subject to the normal consequences of being a convicted felon. Simply put, not every offense-level classification comes with collateral consequences. And even if it did, the classification level still would not qualify as a penalty or punishment under R.C. 1.58(B).

{¶ 32} Nevertheless, the majority concludes that Taylor could not be convicted as a felon and sentenced as a misdemeanant. I disagree with the rationales supporting this conclusion.

{¶ 33} First, the majority states that an offense classification cannot be separated from the offense penalty because "implicit in a decrease in the classification of an offense * * * is a corresponding reduction in the penalty or punishment for that conduct." (Majority opinion at ¶ 16.) That is incorrect. A decrease in offense classification does not necessarily have any corresponding reduction in the penalty or punishment. For example, in Taylor's case, the decrease in his offense classification had no effect on the penalty he received. At the sentencing hearing, the trial judge sentenced Taylor to two years of community-control sanctions for his theft. After some discussion of H.B. 86, the judge decreased Taylor's offense level from a fifth-degree felony to a first-degree misdemeanor. The judge explained, however, that Taylor's sentence would have been the same regardless of how the offense was classified, stating: "Now, none of this [the change in classification] is going to affect you in any practical order. You will still be on probation." Thus, it is incorrect to say that a decrease in

classification necessarily corresponds to a decrease in the actual penalty or punishment for a crime. The two are not inextricably intertwined.

{¶ 34} Second, the majority predicates its decision on the idea that "the legislature has provided no statutory authority for those convicted of a felony offense to be sentenced pursuant to the sentencing statute for misdemeanants." (Majority opinion at ¶ 18.) But the legislature provided precisely that authority through H.B. 86 and R.C. 1.58(B); together, both sections allow convicted felons to be sentenced as misdemeanants. And by exercising this authority, courts will be fulfilling their duty—contrary to the majority's suggestion otherwise—"to apply sentencing laws as they are written." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22. R.C. 1.58(B) demands that in situations like Taylor's, the pre-H.B. 86 version of the relevant criminal statute apply for purposes of determining the offense classification, and the post-H.B. 86 version apply for purposes of determining the offender's sentence. In splitting the classification from the sentence, trial courts *are* applying the sentencing laws as written; they must simply apply different versions of the laws for different purposes.

{¶ 35} Finally, I disagree with the majority's reading of Section 4. The majority states that "because R.C. 1.58 applied to Taylor, the decrease in classification and degree enacted by H.B. 86 should apply as well." (Majority opinion at ¶ 9.) The concurrence echoes this reasoning, stating that "[b]ecause R.C. 1.58 applies to reduce Taylor's penalty, the uncodified language in H.B. 86 makes all the amendments to R.C. 2913.02 also apply." (Concurring opinion at ¶ 24.) In essence, both opinions read H.B. 86 to say that all the statutory amendments apply to a defendant so long as R.C. 1.58(B) applies to the defendant.

{¶ 36} Not so. Section 4 clearly states that an amendment applies to an offender only if R.C. 1.58(B) *makes the amendment* apply. It does not state that

an amendment applies to a defendant simply whenever R.C. 1.58(B) applies to a defendant. The distinction is this: R.C. 1.58(B) may apply to a defendant in some sense (for instance, to give him the benefit of a decreased sentence), but this general application of R.C. 1.58(B) does not make all other statutory amendments apply to the defendant as well. Here, R.C. 1.58(B) applies to Taylor, but it does not "make[] the [R.C. 2913.02 offense-level] amendments applicable" to Taylor, as H.B. 86 requires. It is this critical distinction that the majority and the concurrence fail to acknowledge.

{¶ 37} Ultimately, both the majority and the concurrence narrowly focus on *who* should receive the benefit of retroactive amendments, without asking *which* amendments even apply retroactively. The opinions assume, incorrectly, that *any* statutory amendment will apply retroactively through R.C. 1.58(B). But the plain language of R.C. 1.58(B) belies any such conclusion. Only amendments dealing with penalties, forfeitures, or punishments can apply through R.C. 1.58(B). And an amendment changing the classification of an offense is not an amendment to a penalty or punishment. It is not, therefore, entitled to retroactive application. Accordingly, I would hold that Taylor was not entitled to have his offense reduced to a first-degree misdemeanor. I would answer the certified-conflict question in the negative and affirm the judgment of the court of appeals. Because the majority has concluded otherwise, I dissent.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Neil P. Agarwal, for appellant.

Timothy Young, Ohio Public Defender, and Stephen Goldmeier, Assistant Public Defender, urging reversal for amicus curiae, Office of the Ohio Public Defender.

_____