[Cite as *State v. Gatewood*, 2012-Ohio-4181.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-12 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 06-CR-1155 |
| v. | : | |
| | : | |
| HERMAN GATEWOOD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of September, 2012.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, Post Office Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

BRANDIN D. MARLOW, Atty. Reg. #0076381, 150 North Limestone Street, Suite 218, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Herman Gatewood appeals from his three-year sentence

for Possession of Crack Cocaine in an amount greater than five grams but less than ten grams,

in violation of R.C. 2925.11(A), following a jury trial. Gatewood contends that because the degree of the offense was reduced, by 2011 H 86, before he was sentenced, from a third degree felony to a fourth degree felony, the trial court erred by imposing a third-degree-felony sentence for the offense. The State agrees with Gatewood, and so do we. The three-year sentence for Possession of Crack is Reversed, and this cause is Remanded for re-sentencing for that offense.

## I.   The Course of Proceedings

{¶ 2}   In 2006, Gatewood was charged by indictment with one count of Possession of Crack Cocaine in an amount greater than five grams but less than ten grams, in violation of R.C. 2925.11(A), with a firearm specification; one count of Eluding or Fleeing, in violation of R.C. 2921.331(B), with a firearm specification; one count of Conveying, or Attempting to Convey, any Drug of Abuse onto the Grounds of a Detention Facility or a Mental Health or Mental Retardation and Developmental Disability Facility, in violation of R.C. 2921.36(A)(2); one count of Having a Weapon Under a Disability, in violation of R.C. 2923.13(A)(3); and one count of Carrying a Concealed Weapon, in violation of R.C. 2923.12(A)(2), with a firearm specification.   The counts for Illegal Conveyance and for Having a Weapon Under a Disability were dismissed shortly before trial.

{¶ 3}   Following a jury trial, Gatewood was convicted of the three remaining counts, and their firearm specifications.   He was sentenced to five years for the Possession of Crack Cocaine offense, five years for the Fleeing or Eluding offense, and twelve months for the Carrying a Concealed Weapon offense.   The firearm specifications were merged for

sentencing purposes into a single one-year sentence. The sentences were ordered to be served consecutively for a total sentence of twelve years.

{¶ 4} Gatewood appealed. We reversed. *State v. Gatewood*, 2d Dist. Clark No. 2008 CA 64, 2009-Ohio-5610 (*Gatewood I*).

{¶ 5} After our reversal and remand, the State re-indicted Gatewood for Illegal Conveyance and Having Weapons Under Disability, the counts it had dismissed prior to the first trial. Following another jury trial, Gatewood was convicted on all counts and specifications. He was sentenced to five years for Possession of Crack Cocaine, five years for Fleeing and Eluding, five years for Illegal Conveyance, five years for Having a Weapon While Under a Disability, and eighteen months for Carrying a Concealed Weapon. He was sentenced to one, merged one-year sentence for the firearm specifications, for a total sentence of 22½ years.

{¶ 6} Gatewood again appealed. We reversed and vacated Gatewood's convictions for Illegal Conveyance and for Having a Weapon While Under a Disability, and remanded this cause for re-sentencing. *State v. Gatewood*, 2d Dist. Clark No. 2010 CA 18, 2012-Ohio-202 (*Gatewood II*).

{¶ 7} On February 14, 2012, Gatewood was re-sentenced, pursuant to our remand. He was sentenced to three years for Possession of Crack Cocaine, plus one year for the firearm specification, three years for Fleeing and Eluding, plus one year for the firearm specification, and one year for Carrying a Concealed Weapon. The sentences for Possession of Crack Cocaine and for Fleeing and Eluding, plus their firearm specifications, were ordered to be served consecutively; the sentence for Carrying a Concealed Weapon was ordered to be served

concurrently, for a total sentence of eight years. The two firearm specifications were not merged for sentencing purposes.

{¶ 8}   At the sentencing hearing, Gatewood contended that the amendments to felony sentencing in 2011 H 86 applied, with the result that he could only be sentenced for the Possession of Crack Cocaine offense as a fourth-degree felony. The State and the trial court disagreed, reasoning that because his 2010 conviction for that offense had not been reversed, he remained convicted of Possession of Crack Cocaine as a third-degree felony. The trial court recognized, however, that he could only be sentenced for that third-degree felony under the new felony sentencing scheme.

{¶ 9}   From his three-year sentence for Possession of Crack Cocaine, Gatewood appeals.

**II.   Because Gatewood was Re-Sentenced After the Effective Date**

**of 2011 H 86, and the Nature of the Offense Was Not Changed,**

**He Could Only Receive a Sentence Prescribed for a Fourth Degree Felony**

{¶ 10}   Gatewood's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY OHIO REVISED CODE §1.58(B) TO REDUCE A THIRD-DEGREE FELONY POSSESSION OF COCAINE TO A FOURTH-DEGREE FELONY POSSESSION OF COCAINE.

{¶ 11}   Gatewood relies upon R.C. 1.58(B), which provides as follows:

If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or

amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

**{¶ 12}** The State, agreeing with Gatewood, and conceding error, cites 2011 H 86, Section 3, eff. September 30, 2011, which provides as follows:

The amendments to sections 2925.01, 2925.03, 2925.05, and 2925. 11 of the Revised Code, and to division (W) of section 2929.01 of the Revised Code, that are made in this act apply to a person who commits an offense involving marihuana, cocaine, or hashish on or after the effective date of this act and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

The provisions of sections 2925.01, 2925.03, 2925.05, and 2925.11 of the Revised Code, and of division (W) of section 2929.01 of the Revised Code, in existence prior to the effective date of this act shall apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving marihuana, cocaine, or hashish. The amendments to sections 2925.01, 2925.03, 2925.05, and 2925.11 of the Revised Code, and to division (W) of section 2929.01 of the Revised Code, that are made in this act do not apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving marihuana, cocaine, or hashish.

**{¶ 13}** The provisions of R.C. 1.58(B) do not apply if the result would be to alter the nature of the offense of which the defendant has been convicted. *State v. Kaplowitz*, 100 Ohio St.3d 205, 2003-Ohio-5602, 797 N.E.2d 977, ¶ 29.

**{¶ 14}** 2011 H 86 eliminated the distinction that previously existed, for sentencing purposes, between the possession of crack cocaine and the possession of powder cocaine.

Before the enactment of 2011 H 86, possession of between five and ten grams of crack cocaine was a felony of the third degree, but possession of the same amount of powder cocaine was a felony of the fourth degree. After the enactment, there is just one provision, R.C. 2925.11(C)(4)(b), pertaining to the possession of cocaine, in either form, in an amount between five and ten grams, and that provision makes the offense a felony of the fourth degree.

{¶ 15} An argument could be made that by consolidating the powder cocaine and crack cocaine situations into a single offense for sentencing purposes, the nature of the offense of which Gatewood was convicted would be changed if the new sentencing scheme enacted by 2011 H 86 were to be applied to him. But the provisions of Section 3 of 2011 H 86, quoted above, evince an intent on the part of the Ohio General Assembly that the new version of R.C. 2925.11 applies to a person, like Gatewood, who is being sentenced after the effective date of the statute.

{¶ 16} We agree with both parties that Gatewood should have been sentenced for Possession of Cocaine as a fourth-degree felony. The maximum sentence for a fourth-degree felony is eighteen months. R.C. 2929.14(A)(4). The trial court erred by sentencing Gatewood for Possession of Cocaine as a third-degree felony.

{¶ 17} Gatewood's sole assignment of error is sustained.

### III. Conclusion

{¶ 18} Gatewood's sole assignment of error having been sustained, his sentence for Possession of Cocaine is Reversed, and this cause is Remanded for re-sentencing for that

offense.    The judgment of the trial court is Affirmed in all other respects.


. . . . . . . . . . . . .


GRADY, P.J., and FROELICH, J., concur.



Copies mailed to:

Lisa M. Fannin
Brandin D. Marlow
Hon. Douglas M. Rastatter