[Cite as *State v. Taylor*, 2012-Ohio-5403.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26279 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| LUCIOUS TAYLOR | |
| Appellee | CASE No. CR 11 07 2033 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** After he was caught stealing $550 worth of cologne from a Sears store, Lucious Taylor pleaded no contest to theft. Although the State had charged him with felony theft under the law as it was codified at the time of the offense, the trial court convicted Mr. Taylor of a first-degree misdemeanor because it applied the new version of the statute that had become effective before Mr. Taylor was sentenced. The State has appealed the ruling that led to the misdemeanor conviction, arguing that the old version of the statute applies to Mr. Taylor, although he should receive the benefit of the reduction in penalty that became effective before he was sentenced. This Court sustains the State's assignment of error and reverses the trial court's decision, although that reversal does not affect Mr. Taylor's misdemeanor conviction. *See* R.C. 2945.67(A).

## BACKGROUND

{¶2}    The grand jury indicted Mr. Taylor for a felony theft offense in violation of Section 2913.02(A) of the Ohio Revised Code.  The offense occurred on July 23, 2011, but Mr. Taylor was not convicted and sentenced until December 19, 2011, after the General Assembly had amended the theft statute to reduce the classification of a theft of $550 worth of property from a felony to a misdemeanor.  In December 2011, the trial court applied the amended version of Section 2913.02 and convicted Mr. Taylor of a first-degree misdemeanor rather than a felony. It sentenced him to serve two years of probation.

{¶3}    The State sought leave to appeal the substantive legal ruling that led to Mr. Taylor's misdemeanor conviction, but acknowledged that, due to the application of Section 2945.67(A), the appeal will not affect Mr. Taylor.  This Court granted the State leave to appeal that limited issue.

## APPLICATION OF THE AMENDMENTS

{¶4}    The State has noted that the General Assembly amended Section 2913.02 of the Ohio Revised Code to decrease the penalty and offense level for a theft of property valued between $500 and $999 from a fifth-degree felony to a first-degree misdemeanor.  Am. Sub. H.B. No. 86, 2011 Ohio Laws 29.  The State's assignment of error is that the trial court incorrectly convicted Mr. Taylor of a misdemeanor rather than a felony as required by the version of the statute in effect on the date of the offense.  The State has argued that, although Mr. Taylor should have received the benefit of the decreased potential penalty that the amendments instituted, he was not entitled to a misdemeanor conviction because the amended version of the statute does not apply to defendants who committed the crime before the amendments' effective date.

{¶5} "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. "Thus, a statute may not be applied retroactively unless the court finds a 'clearly expressed legislative intent' that the statute so apply." *State v. Williams*, 103 Ohio St. 3d 112, 2004-Ohio-4747, ¶ 8 (quoting *State v. Cook*, 83 Ohio St. 3d 404, 410 (1998)), superseded by statute on other grounds as stated in *State v. White*, 132 Ohio St. 3d 344, 2012-Ohio-2583. "Legislation violates the Ex Post Facto Clause if it makes a previously innocent act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed." *State v. Rush*, 83 Ohio St. 3d 53, 59 (1998). On the other hand, as a general rule of statutory construction, "[i]f the penalty, forfeiture, or punishment for any offense is reduced by . . . amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." R.C. 1.58(B). Therefore, although retroactive application of a statute increasing penalties for conduct previously committed will raise ex post facto concerns, a defendant who has committed a crime, but has not yet been sentenced, will generally receive the benefit of any decrease in penalty. *But see State v. Rush*, 83 Ohio St. 3d 53, paragraph two of the syllabus (1998) (holding General Assembly may avoid the application of Section 1.58(B) by expressly stating that intent).

{¶6} "[T]he General Assembly is lodged with the power to define, classify and prescribe punishment for crimes committed within the state." *State v. Rush*, 83 Ohio St. 3d 53, 57 (1998) (quoting *State v. Young*, 62 Ohio St. 2d 370, 392 (1980)). When the General Assembly adopted the amendments to Section 2913.02 in 2011 House Bill 86, it addressed the issue of applicability. "The amendments to section[ ] . . . 2913.02 . . . that are made in this act apply to a person who commits an offense specified or penalized under [Section 2913.02] on or

after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." Am. Sub. H.B. No. 86, Section 4, 2011 Ohio Laws 29. Mr. Taylor is not "a person who commit[ted] an offense . . . on or after the effective date" of House Bill 86. *Id.* Therefore, the new version of Section 2913.02 applies to him only if he is "a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." *Id.*

{¶7} The General Assembly decreased the potential penalty for the crime after Mr. Taylor committed the theft, but before he was convicted and sentenced. Under Section 1.58(B), a defendant in Mr. Taylor's position is entitled to benefit from the decreased penalty enacted by the General Assembly while the case was pending against him, but nothing in that section provides that he is entitled to benefit from any decrease in classification of the crime. *State v. Saplak*, 8th Dist. No. 97825, 2012-Ohio-4281, ¶ 13. The General Assembly did not make the amendments to Section 2913.02 retroactive. It merely emphasized its legislative intent to apply Section 1.58(B) to give defendants who had committed crimes, but had not yet been sentenced at the time of the enactment, the benefit of the decreased penalties.

{¶8} Thus, the trial court should have convicted Mr. Taylor of a fifth-degree felony according to Section 2913.02 as codified at the time of the offense. On the other hand, under Section 1.58(B), the trial court correctly sentenced Mr. Taylor within the first-degree misdemeanor guidelines as dictated by the version of Section 2913.02 in effect at the time of the sentencing hearing. The State's assignment of error is sustained. For these reasons, the trial court's substantive legal decision to apply the version of Section 2913.02 that was effective at the time of sentencing to convict Mr. Taylor of a misdemeanor is reversed. The reversal of that decision does not affect the judgment of the trial court, however, because Mr. Taylor's

conviction was not at issue in this appeal.  R.C. 2945.67(A); *State ex rel. Sawyer v. O'Connor*, 54 Ohio St. 2d 380, 382-83 (1978).

CONCLUSION

**{¶9}**    The State's assignment of error is sustained because the trial court incorrectly convicted Mr. Taylor of a misdemeanor by applying the amendments to Section 2913.02 that did not become effective until after the date of the offense.  Under Section 1.58(B) of the Ohio Revised Code, the trial court correctly gave Mr. Taylor the benefit of the decreased penalty the General Assembly instituted between the date of the offense and the date of the sentencing, but it incorrectly convicted Mr. Taylor of a misdemeanor rather than a felony.  The decision of the trial court is reversed on the limited issue of retroactive application of the amended statute, but the reversal does not affect Mr. Taylor.  He remains convicted of a first-degree misdemeanor.  *See* R.C. 2945.67(A).

So ordered.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
<u>CONCURS.</u>

BELFANCE, J.
<u>DISSENTING.</u>

{¶10} I respectfully dissent, as I would conclude that the trial court did not err in concluding that the amendments to R.C. 2913.02 applied to Mr. Taylor.

> The amendments to section[] * * * 2913.02 * * * of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section *and* to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

(Emphasis added.) 2011 Am. Sub. H.B. No. 86, Section 4. In other words the entirety of the amendments to R.C. 2913.02 applies in two situations: first to a person who commits the offense on or after the effective date of the statute and second to a person who would meet the criteria of R.C. 1.58(B).

{¶11} I would conclude that Mr. Taylor is "a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C. 1.58(B) states that, "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." Thus, because R.C. 1.58(B) applies to Mr. Taylor, so do the amendments to R.C. 2913.02, as expressly stated in Section 4 of House Bill 86. *See State v.*

*Gillespie*, 5th Dist. No. 2012-CA-6, 2012-Ohio-3485; *see also State v. Gatewood,* 2d Dist. No. 2012-CA-12, 2012-Ohio-4181. *But see State v. Saplak*, 8th Dist. No. 97825, 2012-Ohio-4281, ¶ 13. Section 4 of House Bill 86 does not qualify the applicability of all of the amendments only to those who commit an offense on or after the effective date of the statute. Thus, I conclude that the legislature intended to allow reclassification of an offense as well as the penalties prior to the entry of a final judgment of conviction. It is the province of the legislature to define those acts which constitute criminal offenses, their degree of severity, as well as the corresponding sentence. I can see no reason why it would be contrary to law to reclassify Mr. Taylor's offense as a misdemeanor and sentence him in accordance with the statute. *See Gillespie* at ¶ 13-16. Accordingly, I respectfully dissent from the judgment of the majority.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

CANDACE KIM-KNOX, Attorney at Law, for Appellee.