[Cite as *State v. Solomon*, 2012-Ohio-5755.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-120044 |
| | | TRIAL NO. B-1103104 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DEANDREAN SOLOMON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 7, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael Trapp,* for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1}    Defendant-appellant Deandrean Solomon appeals the judgment of the Hamilton County Court of Common Pleas convicting him on one count of aggravated possession of drugs, a third-degree felony offense, and one count of possession of cocaine, a fourth-degree felony offense.  Solomon contends that the trial court convicted him of higher-degree offenses than authorized by law.   For the reasons that follow, we agree.

## I.  Background Facts

{¶2}    Solomon was a passenger in an automobile stopped by Springfield Township police officers in May 2011.  During a search of the automobile, the police found a bottle of Oxycodone pills and a bag containing crack cocaine on the floor below where Solomon had been sitting.

{¶3}    The grand jury indicted Solomon for three offenses: aggravated possession of Oxycodone, "in an amount less than bulk," in violation of R.C. 2925.11(A) (count one); aggravated trafficking in Oxycodone, "in an amount that equaled or exceeded the bulk amount but was less than five times the bulk amount," in violation of R.C. 2925.03(A)(2) (count two);  and possession of cocaine, in crack cocaine form, "in an amount that equaled or exceeded one gram but was less than five grams," in violation of R.C. 2925.11(A) (count three).

{¶4}    At a bench trial held in October 2011, the trial court found Solomon guilty on count one, the aggravated-possession-of-Oxycodone offense, as a third-degree felony, even though the indictment had only charged him with a fifth-degree felony offense based on the quantity of the drug.  And the trial court found him guilty on count three, the possession-of-cocaine offense, as a fourth degree-felony offense, which was authorized by the version of R.C. 2925.11 in effect at the time Solomon committed the offense, but not authorized by the amended version of the statute enacted in Am.Sub.H.B. No.86 ("H.B. 86") that was in effect at the time of Solomon's

2

trial and sentencing. The court acquitted Solomon on count two, the aggravated-trafficking offense. [1]

{¶5} The trial court sentenced Solomon to three years of community control with conditions, including that Solomon serve 180 days in the Hamilton County Justice Center. The court also imposed a mandatory three-year-driver's-license suspension. The court notified Solomon that if he violated the terms of his community control, he was subject to imprisonment for three years, the maximum term of imprisonment for a third-degree felony.

## II. Count One: Aggravated Possession of Oxycodone

{¶6} In his first assignment of error, Solomon contends that the trial court committed plain error by entering a conviction for the aggravated possession of Oxycodone as a third-degree felony offense where the state had indicted him for the aggravated possession of Oxycodone as a fifth-degree felony offense. The state concedes the error, and we agree with both parties that the trial court erred.

{¶7} Count one of the indictment charged that Solomon had possessed Oxycodone in "an amount less than bulk," an offense classified as felony of the fifth degree since 2008. R.C. 2925.11(C)(1)(a). By convicting Solomon of a third-degree felony, the trial court in effect amended the indictment to increase the degree of the charged offense, in violation of Crim.R. 7(D). *See State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609.

{¶8} Although Solomon did not bring the error to the attention of the trial court, the error clearly affected Solomon's substantial rights and produced an outcome that would have been otherwise but for the error. *See Davis* at ¶ 12. The court convicted Solomon on a charge materially different from that found by the

---

[1] The court's first sentencing entry was corrected in a nunc pro tunc entry to include the acquittal on count two.

grand jury and subjected Solomon to greater penalties. *See id.* And we must correct the error to prevent a manifest miscarriage of justice. *See Davis* at ¶ 11 and 12.

{¶9}     Thus, we hold that Solomon has demonstrated plain error. Accordingly, we sustain the first assignment of error.

### III.  Count Three: Possession of Cocaine

{¶10}     After Solomon's indictment, the General Assembly enacted H.B. 86, which implemented changes to Ohio's criminal and juvenile laws.  Relevant to this case, H.B. 86 amended several statutes to eliminate the difference between crack and powder cocaine, which are both now included in the definition of "cocaine."  R.C. 2925.01(X).  The statutes proscribing three drug offenses involving crack and powder cocaine were amended to equalize the amount needed for each level of an offense, and to ultimately equalize the penalties for offenses involving both forms of the drug. *See* R.C. 2925.03(C)(4)(c)-(g); R.C. 2925.05(A)(3); R.C. 2925.11(C)(4)(b)-(e).

{¶11}     The amendments to R.C. 2925.11, the statute that criminalizes the possession of drugs, had the effect of lowering the level of the offense charged in count three of Solomon's indictment from a fourth-degree felony to a fifth-degree felony, subjecting Solomon to reduced sanctions.  *See* former R.C. 2925.11(C)(4)(b) and amended R.C. 2925.11(C)(4)(a).  Instead of facing a prison term of six to 18 months, Solomon was subject to a prison term of only six to 12 months under the amended version of R.C. 2925.11.   H.B. 86 became effective on September 30, 2011, before the trial court sentenced Solomon.

{¶12}     In his second assignment of error, Solomon contends that the trial court erred by failing to impose a sentence consistent with the "reduced penalties" enacted by H.B. 86.  He argues that because he was sentenced after the effective date of H.B. 86, the provisions of R.C. 1.58(B) required the trial court to find him guilty of a "felony of the fifth degree" and to impose a punishment authorized for the lower-

level offense. According to Solomon, the "level of the offense" is a part of the "penalty" for the offense.

{¶13} The state concedes that it would have been contrary to R.C. 1.58(B) for the trial court to sentence Solomon to a "penalty" that exceeded one authorized for a fifth-degree felony because Solomon was sentenced after the effective date of H.B. 86. But it argues that the trial court correctly found Solomon guilty of a fourth-degree felony offense in accordance with the law in effect when he committed the offense, and that the court committed no error in sentencing Solomon, because the court imposed three years of community control, an authorized penalty for the offense under the amended version of the statute.

{¶14} We note that the record does not demonstrate that trial counsel for Solomon raised this argument below. Accordingly, we review for plain error.

### A. Legislative Intent

{¶15} The first issue before us is whether the General Assembly intended that any of the provisions of amended R.C. 2925.11 apply to offenders like Solomon who committed their offenses before the effective date of H.B. 86, but who were sentenced after H.B. 86's amendments took effect. If so, then we must decide which provisions apply.

### 1. R.C. 1.58—Ohio's Savings Clause

{¶16} In Ohio, when the General Assembly reenacts, amends, or repeals a criminal statute, the substantive provisions of the former law apply to all pending prosecutions, but the defendants receive the benefit of a reduced "penalty, forfeiture, or punishment" in the statute as amended, unless the General Assembly expresses another intent. *See* R.C. 1.58; *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634 (1998) (noting and giving effect to the General Assembly's stated intent that the amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to crimes committed on or after July 1, 1996). *See also State v. Lawrence*, 74 Ohio St. 38, 44-

5

45, 77 N.E. 266 (1906) (interpreting Section 79, the predecessor to R.C. 1.20-1.21, and now R.C. 1.58).  This "rule of construction" arises by virtue of Ohio's savings clause, R.C. 1.58, which provides:

> (A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
>
> > (1) Affect the prior operation of the statute or any action taken thereunder;
> >
> > (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
> >
> > (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
> >
> > (4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.
>
> (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

{¶17}     R.C. 1.58 abrogates the common law, which provided that a crime abated when the criminal statute was repealed by amending legislation.  *See Lawrence*, 74 Ohio St. at 44, 77 N.E. 266; s*ee also Calkins v. State*, 14 Ohio St. 222, 230-231 (1863).

**{¶18}** Both Solomon and the state contend that this dispute should be resolved by merely applying R.C. 1.58(B), which the General Assembly referenced in Section 3 of H.B. 86. Solomon's argument relies on a broad interpretation of R.C. 1.58(B). He considers the degree or level of the offense to be a part of the "penalty, forfeiture, or punishment" for the offense. The state, arguing for a strict construction of R.C. 1.58(B), contends that the degree or level of the offense is not a part of the "penalty, forfeiture, or punishment" for the crime, and that Solomon has confused the classification of the offense with the penalty or punishment for the offense.

### a. Solomon's Argument: Broad Interpretation

**{¶19}** Solomon's interpretation of R.C. 1.58(B) is supported by the decision in *State v. Collier*, 22 Ohio App.3d 25, 488 N.E.2d 887 (3d Dist.1984). *See also State v. Coffman*, 16 Ohio App.3d 200, 475 N.E.2d 139 (10th Dist.1984). In *Collier*, the defendant committed two theft offenses in violation of R.C. 2913.02. *Collier* at 25-26. Before the defendant's trial, but after the commission of the offense, R.C. 2913.02 was amended to raise the monetary threshold for a felony theft offense from $150 to $300. *Id.* at 26. The defendant argued that the application of the amendment precluded the court from imposing felony sentences because the state alleged only that he had stolen property valued above $150. *Id.*

**{¶20}** The *Collier* court held that the amendment related only to the penalty imposed and came within the provisions of R.C. 1.58(B). *Id.* at 26-27. Therefore, the appellate court required that the "amendment be applied" to the defendant and that "the penalty be imposed according to the amendment." *Id.* at 27.

**{¶21}** Significantly, the court further held that "[t]he amending legislation * * * operated to reduce the[] [felony theft] counts to misdemeanor counts." *Id.* at 28. Ultimately, the court reversed the "felony theft sentences" and remanded "for resentencing the defendant to a misdemeanor sentence for each of the two counts of misdemeanor theft for which he was found guilty." *Id.* at 28-29.

{¶22} The *Collier* court, like Solomon, equated the degree or classification of an offense with the "penalty, forfeiture, or punishment" for an offense because the amendment modifying the classification of the offense affected the corresponding sanctions.

{¶23} In a case involving the retroactive application of certain provisions of H.B. 86, the Fifth Appellate District recently adopted an interpretation of R.C. 1.58(B) similar to the *Collier* court's interpretation. *State v. David*, 5th Dist. No. 11-CA-110, 2012-Ohio-3984; *see also State v. Gillespie*, 2012-Ohio-3485, 975 N.E.2d 492 (5th Dist.).

{¶24} In *David*, the defendant was indicted on one count of theft, in violation of R.C. 2913.02(A)(2), and one count of passing bad checks, in violation of R.C. 2913.11(B), based on her deposit of three checks drawn on a closed bank account into her Park National Bank account and her immediate withdrawal of the deposited "funds." *David* at ¶ 2-3. The value of the deposited checks totaled $947.50. *Id.* at ¶ 2. Both counts alleged that the amount at issue involved more than $500 but less than $5,000, and the statutes in effect at the time of David's indictment classified both offenses as fifth-degree felonies. *Id.* at ¶ 3.

{¶25} H.B. 86 amended R.C. 2913.02 and R.C. 2913.11 such that a violation of R.C. 2913.02 or R.C. 2913.11 involving an amount below $1000 is a first-degree misdemeanor offense. *Id.* at ¶ 4. After the effective date of H.B. 86, David entered a guilty plea to both counts. *Id.* at ¶ 5. The trial court determined that R.C. 1.58(B) applied, and reduced the degree of the offenses. The court convicted David of first-degree misdemeanor offenses, and sentenced her to community control. *Id.*

{¶26} On appeal, the state argued that the trial court had erred by reducing the charges to misdemeanor offenses, and that R.C. 1.58(B) did not apply. *Id.* at ¶ 14. The appellate court disagreed, and held that R.C. 1.58(B) was applicable because (1) H.B. 86 specifically referred to R.C. 1.58(B) and (2) the amendments to

R.C. 2913.02 and R.C. 2913.11 functioned "to reduce the penalty imposed from a fifth-degree felony to a first-degree misdemeanor based on the valuation threshold." *Id.* at ¶ 14.

{¶27} The *David* court, citing the decision in *Gillespie,* which also involved H.B. 86 and the passing-bad-checks statute, determined that the level of the offense is part of the "penalty" for the offense, and that the court must reduce the level of the offense when R.C. 1.58(B) provides the defendant with the benefit of a reduction in the sanction for an offense. *David* at ¶ 15.

### b. The State's Argument

{¶28} The state argues that R.C. 1.58(B) only applies to give Solomon the benefit of a reduced penalty, not a reduced level of the offense, and that the issue is controlled by *State v. Kaplowitz*, 100 Ohio St.3d 205, 2003-Ohio-5602, 797 N.E.2d 977.

{¶29} In *Kaplowitz*, the defendant pled guilty to aggravated vehicular assault and the specification that he was driving under the influence of alcohol at the time of the offense, in violation of R.C. 2903.08. *Id.* at ¶ 3. After the offense, but before Kaplowitz's sentencing, the General Assembly amended R.C. 2903.08 to provide for two different offenses. The first, R.C. 2903.08(A)(1), categorizes aggravated vehicular assault while driving under the influence as a third-degree felony. The second, R.C. 2903.08(A)(2), categorizes vehicular assault by recklessly causing serious physical harm to another as a fourth-degree felony. *Id.* at ¶ 25.

{¶30} The trial court sentenced Kaplowitz for a violation of R.C. 2903.08(A)(2) under the new law, which was in effect a lesser offense than aggravated vehicular assault with an alcohol specification and provided lesser penalties. *Id.* at ¶ 4. The Eighth Appellate District reversed, holding that R.C. 1.58(B) does not apply to provide a defendant the benefit of reduced penalties for a reduced-and-not-equivalent offense, and certified its decision as in conflict with the

Fifth Appellate District's holding in *State v. Kinder*, 140 Ohio App.3d 235, 746 N.E.2d 1205 (5th Dist.2000). *State v. Kaplowitz*, 8th Dist. No. 2001-L-025, 2002-Ohio-4217.

{¶31} In affirming the Eighth District on the certified issue, the Supreme Court held that "R.C. 1.58(B) does not apply to give a criminal defendant the benefit of a reduced sentence if, by applying it, the court alters the nature of the offense, including specifications to which the defendant pled guilty or of which he was found guilty." *Kaplowitz*, 97 Ohio St.3d 1480, 2003-Ohio-5602, 797 N.E.2d 977, at syllabus, disapproving *State v. Kinder*, 140 Ohio App.3d 235, 746 N.E.2d 1205 (5th Dist.2000).

{¶32} The certified question in *Kaplowitz* involved the equivalency of offenses under former and amended statutes for purposes of R.C. 1.58(B), not the meaning of "penalty, sanction, or punishment." In this case, it is undisputed that the possession of cocaine offense that Solomon was charged with under former R.C. 2925.11 is equivalent to the possession of cocaine offense set forth in the amended version of R.C. 2925.11 that Solomon seeks to be sentenced under. *See State v. Limoli*, 10th Dist. No. 11AP-924, 2012-Ohio-4502; *State v. Gatewood*, 2d Dist. No. 2012-CA-12, 2012-Ohio-4181. And the state has taken the position that R.C. 1.58(B) applies but that Solomon should receive only the benefit of a reduced "penalty, forfeiture, or punishment." Thus, *Kaplowitz* does not resolve the issue in this case.

{¶33} But the state's narrow interpretation of the words "penalty, forfeiture, or punishment" in R.C. 1.58(B) is supported by the Eighth Appellate District's decision in *State v. Steinfurth*, 8th Dist. No. 97549, 2012-Ohio-3257. That decision, like *David*, addressed the application of the amendments to the theft statute enacted in H.B. 86.

{¶34} In *Steinfurth*, the defendant was indicted for felony theft under R.C 2913.02 in June 2011. He later pleaded guilty to and was sentenced on one count of

10

aggravated theft, a fifth-degree felony under the version of R.C. 2913.02 in effect at the time he had committed the offense.

{¶35}    Before his sentencing hearing, H.B. 86 took effect.  H.B. 86 amended R.C. 2913.02 such that the offense Steinfurth had committed was classified as a first-degree misdemeanor instead of a fifth-degree felony.   At sentencing, Steinfurth argued that based on the incorporation of R.C. 1.58(B) into the amended statute, the trial court could convict him of only a first-degree misdemeanor offense. The trial court disagreed and convicted him of a fifth-degree felony offense, but the court imposed the penalty for a first-degree misdemeanor offense.   The appellate court affirmed, rejecting Steinfurth's broad interpretation of R.C. 1.58.   The court explained that "1.58 clearly states that a criminal defendant receives **the benefit of a reduced penalty, forfeiture, or punishment.**   Contrary to Steinfurth's argument, R.C. 1.58 makes no mention of a criminal defendant receiving the benefit of a lesser or reduced offense itself."  (Emphasis in the original.)  *Id.* at ¶ 15; *see also State v. Taylor*, 9th Dist. No. 26279, 2012-Ohio-5403, ¶ 7, citing *State v. Saplak*, 8th Dist. No. 97825, 2012-Ohio-4281, ¶ 13.

### c. Definition of "Penalty," Forfeiture," and "Punishment" in R.C. 1.58(B)

{¶36}    The parties disagree over the meaning of the terms "penalty," "forfeiture," and "punishment" in R.C. 1.58(B).  Our primary objective in construing a statute is to determine and to implement the intent of the legislature, a goal best achieved by reviewing the language that the General Assembly used, without resorting to other means of interpretation.  *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16.  "Where the meaning of the statute is clear and definite, it must be applied as written."  *Id.*

11

{¶37}      The terms "penalty," "forfeiture," and "punishment" are not specifically defined in the Revised Code.  Therefore, they must be given their "plain and ordinary meaning[s]."  *Id.* at ¶ 17.

{¶38}      The term "penalty" has varying definitions, including (1) "[p]unishment imposed on a wrongdoer, usually in the form of imprisonment or fine"; (2) "[a]n extra charge against a party who violates a contractual provision;" and (3) "[e]xcessive stipulated damages that a contract purports to impose on a party that breaches."  *Black's Law Dictionary* 1168 (8th Ed.2004).  The most relevant definition to this case is the first one—punishment or fine.

{¶39}      The term "forfeiture" has varying definitions, including (1) "[t]he divestiture of property without compensation;" (2) "[t]he loss of a right, privilege, or property because of a crime * * * ;" (3) "[s]omething (especially money or property) lost or confiscated by this process; a penalty;" and (4) "[a] destruction or deprivation of some estate or right because of the failure to perform some obligation or condition contained in a contract."  *Id.* at 677.

{¶40}      Finally, the term "punishment" is defined as (1) "[a] sanction—such as a fine, penalty, confinement, or loss of property, right, or privilege—assessed against a person who has violated the law," and (2) "[a] negative disciplinary action administered to a minor by a parent."  *Id.* at 1269-1270.

{¶41}      Conversely, "degree of crime" is defined as (1) "[a] division or classification of a single crime into several grades of guilt, according to the circumstances surrounding the crime's commission, such as aggravating factors present or the type of injury suffered"  and (2) "[a] division of crimes generally, such as felonies or misdemeanors."  *Id.* at 457.  "Degree of crime" does not fall within any of the definitions of "penalty," "forfeiture," or "punishment."

{¶42}     The degree or level of the offense does direct the penalty for the offense.  This is demonstrated by amended R.C. 2925.11(C)(4), which provides in part:

> If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine.  The **penalty** for the offense shall be determined as follows:
>
> (a) Except as otherwise provided * * *, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender;
>
> (b) If the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine, possession of cocaine is a felony of the fourth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender;
>
> (c) If the amount of the drug involved equals or exceeds ten grams but is less than twenty grams of cocaine, possession of cocaine is a felony of the third degree, and, except as otherwise provided in this division, there is a presumption for a prison term for the offense.  If possession of cocaine is a felony of the third degree under this division and if the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree.
>
> (Emphasis added.)

{**¶43**}     The former version of R.C. 2925.11(C)(4) used the word "penalty" in the same manner.

{**¶44**}     As demonstrated by R.C. 2925.11(C)(4), the degree or level of the offense generally directs the authorized penalty and it is included in the judgment that a court formally pronounces after finding the defendant guilty.  But it is not the "penalty."

{**¶45**}     Although it is difficult conceptually to separate the classification of the offense—the level or degree of the offense—from the punishment imposed for the offense the defendant is found guilty of committing, we believe the General Assembly did just that when it chose to use the words "penalty, forfeiture, or sanction" in R.C. 1.58(B).  Thus, we reject Solomon's argument that when R.C. 1.58(B) applies, a defendant sentenced under an amended statute receives the benefit of a lesser or "reduced penalty" that includes the **reduced offense** provided by the amendment.

{**¶46**}     However, R.C. 1.58(B) is only a rule of statutory construction.  R.C. 1.58 does not limit the General Assembly's power to "to define, classify and prescribe punishment for crimes" committed within Ohio and to determine the effective dates of legislative enactments.  *State v. Rush*, 83 Ohio St.3d 53, 57, 697 N.E.2d 634 (1998) quoting *State v. Young*, 62 Ohio St.2d 370, 392, 406 N.E.2d 499 (1980) (Locher, J., dissenting).  Because the General Assembly in H.B. 86 expressed its intent regarding the applicability of the amendments to R.C. 2925.11, R.C. 1.58(B) has limited application.

### B. Section 3 of H.B. 86

{**¶47**}     In Section 3 of H.B. 86 the General Assembly announced when the courts should apply the amendments to R.C. 2925.11.  That section provides, in relevant part,

> The amendments to section[] * * * 2925.11 of the Revised Code
> * * * that are made in this act apply to a person who commits an

14

offense involving * * * cocaine * * * on or after the effective date of this act and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

The provisions of * * * R.C. 2925.11 * * * in existence prior to the effective date of this act shall apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving * * * cocaine. The amendments to section[] 2925.11 of the Revised Code * * * that are made in this act do not apply to a person upon whom a court imposed sentence prior to the effective date of this act for an offense involving * * * cocaine * * *.

{¶48} In determining legislative intent, we look to the face of an act or statute. We must give "significance and effect * * * to every word, phrase, sentence and part thereof, if possible." *State v. Wilson*, 77 Ohio St.3d 334, 336-337, 673 N.E.2d 1347 (1997). "It is a basic presumption in statutory construction that the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose." *State ex rel. Cleveland Elec. Illum. Co. v. Euclid*, 169 Ohio St. 476, 479, 159 N.E.2d 756 (1959).

{¶49} Here, the General Assembly stated in Section 3 of H.B. 86 that the "**provisions**" of the former act and not the "**amendments**" apply to those sentenced before the effective date of the act, but that the "**amendments**" to R.C. 2925.11 apply to a person "to whom division (B) of section 1.58 of the Revised Code makes the **amendments** applicable." (Emphasis added.) The General Assembly used the words "provisions" and "amendments" as opposed to "penalty," "sanction," or "punishment." The amended version of R.C. 2925.11 includes the reduction in the degree of the offense.

15

{¶50}    Our analysis conflicts with the analysis of the *Steinfurth* court, which reviewed the retroactivity of H.B. 86 amendments to the theft statute. In Section 4 of H.B. 86, the General Assembly used the same language as used in Section 3 to express its intent with respect to the retroactivity of the theft statute amendments. After reviewing this language, the *Steinfurth* court concluded that "Steinfurth would not receive the benefit of a reduced sentence **except** for the inclusion of R.C. 1.58 in H.B. 86" because he committed his offense in May 2011, and not on or after September 30, 2011, the effective date of H.B. 86." *Steinfurth* at ¶ 20 (Emphasis added.) Our analysis conflicts because we disagree with this conclusion.

{¶51}    We believe that without the reference to R.C. 1.58(B) in Section 3 of H.B. 86, offenders such as Solomon who had committed the offense of possession of cocaine in crack cocaine form before September 30, 2011, but were not sentenced until after September 30, 2011, would have received the benefit of the reduced punishment because the General Assembly did not express a contrary intent in the Act and, therefore, the provisions of R.C. 1.58(B) would be read into the statute.

{¶52}    Our review of the language in Section 3 of H.B. 86, including the reference to R.C. 1.58(B), leads us to conclude that the General Assembly intended that the amended version of the statutes specified in that section, including R.C. 2925.11, shall apply to those who had not been sentenced and who would receive the benefit of a reduced sentence under R.C. 1.58(B). Our reading serves an evident purpose of the H.B. 86 revision: to bring a measure of uniformity to prosecutions involving crack and powder cocaine by eliminating disparities based on divergent classifications of the offenses. Because we disagree with the analysis in *Steinfurth*, we decline to follow it.

{¶53}    Our decision is consistent with the decision of the Tenth Appellate District in *State v. Limoli*, 10th Dist. No. 11AP-924, 2012-Ohio-4502, although our analysis may differ. The *Limoli* court rejected the state's argument that none of the

16

ameliatory amendments enacted in H.B. 86, including those to R.C. 2925.11, applied to a defendant who committed the offense of possession of cocaine in crack cocaine form before the effective date of H.B. 86. The *Limoli* court held that R.C. 1.58(B) applied, and the trial court was required to impose the penalty for that offense " 'according to the statute as amended' " by H.B. 86. *Id.* at ¶ 62.

{¶54} In conclusion, although we disagree with Solomon's argument that the "level of the offense" is a part of the "penalty" for the offense, we hold that the trial court erred by not applying the amended version of R.C. 2925.11 when entering the judgment of conviction. The trial court should have convicted Solomon of possession of drugs under R.C. 2925.11 as amended, reduced the offense to a fifth-degree felony, and imposed an appropriate sanction for a fifth-degree felony.

{¶55} While the court imposed a community-control sanction that was authorized for the level of the offense, the trial court notified Solomon that if he violated the terms of his community control, he was subject to imprisonment for three years. That sanction is not authorized for the commission of a fifth-degree felony offense. Thus, at sentencing, the trial court did not apply the amended version of R.C. 2925.11 as intended by the legislature. This was plain error. *See* Crim.R. 52(B). Accordingly, we sustain the second assignment of error.

## IV. Ineffective-Assistance-of-Counsel Claim

{¶56} In his final assignment of error, Solomon argues he was denied the effective assistance of counsel because counsel failed to inform the trial court that count one of the indictment charged a fifth-degree felony, and not a third-degree felony. To prevail on an ineffective assistance of counsel claim, a defendant must show counsel's deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶57}    As discussed under the first assignment of error, the grand jury indicted Solomon in count one for the aggravated possession of drugs as a fifth-degree felony offense. Counsel should have objected to the trial court's entry of conviction on a third-degree felony offense because the court in effect impermissibly amended the indictment in contravention of Crim.R. 7(D). As a result, Solomon was convicted of a higher-degree offense and subject to greater penalties.

{¶58}    Because Solomon has shown trial counsel's deficient performance and resulting prejudice, we sustain the third assignment of error.

## V. Conclusion

{¶59}    The trial court erred by convicting Solomon of higher-degree offenses than authorized under the relevant statutes, and by imposing sentences that were contrary to law. We reverse the trial court's judgment, and we remand the case with instructions for the court to modify the judgments of conviction to reflect that Solomon was convicted of two fifth-degree felony offenses, and for the court to resentence Solomon accordingly.

## VI. Certification of Conflict

{¶60}    We acknowledge that our disposition of the second assignment of error directly conflicts with the decisions of the Fifth Appellate District in *State v. David*, 5th Dist. No. 11-CA-110, 2012-Ohio-3984, and *State v. Gillespie*, 2012-Ohio-3485, 975 N.E.2d 492 (C.A. 5th.). We, therefore, sua sponte certify to the Supreme Court of Ohio, pursuant to the Ohio Constitution, Article IV, Section 3(B)(4), the following issue for review and final determination: Is the level or the degree of an offense a part of the "penalty" for the offense that must be reduced when R.C. 1.58(B) applies, pursuant to H.B. 86, to provide the defendant with the benefit of a reduction in the penalty for the offense?

{¶61}    And we acknowledge that our decision directly conflicts with the decision of the Eighth Appellate District in *State v. Steinfurth*, 8th Dist. No. 97549,

18

2012-Ohio-3257. We, therefore, sua sponte certify to the Supreme Court of Ohio, pursuant to the Ohio Constitution, Article IV, Section 3(B)(4), the following issue for final review and determination: Do Sections 3 and 4 of Am.Sub.H.B. No. 86 provide that the amended versions of the statutes specifically enumerated in those sections—including the amendments that reduce the degree of the offense itself–apply to those who committed the enumerated offenses before the September 30, 2011 effective date of H.B. 86, but were sentenced after H.B. 86's effective date?

Judgment reversed and cause remanded.

SUNDERMANN, P.J., concurs.
DINKELACKER, J., concurs in part and dissents in part.

DINKELACKER, J., concurring in part and dissenting in part.

{¶62} While I agree with the majority's resolution of Solomon's first assignment of error, I do not agree with the majority's analysis of R.C. 1.58(B) as it applies to his second assignment. It is from that portion of the opinion that I respectfully dissent.

{¶63} I agree with the majority's analysis that the terms "penalty," "forfeiture," and "punishment"—as those terms are used in R.C. 1.58(B)—do not apply to H.B. 86. Had the opinion stopped at that point, I would have found no fault with the analysis. But the opinion goes on to state that because R.C. 1.58(B) is referenced in H.B. 86, it applies and acts to reduce the level of offense in cases such as this one. This holding is a dramatic expansion of the retrospective application of Ohio's new sentencing law. I believe that the legislature would not have made such an important legislative determination in such a nebulous or cryptic manner.

{¶64} Simply put, I believe—as does the majority—that the "level of the offense" is not a part of the "penalty for that offense." Rather than strike out on this new course, I believe that this court would be well-served to follow the path set forth by the

Eighth Appellate District in *State v. Steinfurth*, 8th Dist. No. 97549, 2012-Ohio-3257. That court concluded—utilizing a plain reading of R.C. 1.58—that R.C. 1.58 only requires the trial court to sentence a defendant to the lesser term, but does not require the trial court to reduce the level of the offense. "R.C. 1.58 clearly states that a criminal defendant receives *the benefit of a reduced penalty, forfeiture, or punishment.* * * * [It] makes no mention of a criminal defendant *receiving the benefit of a lesser or reduced offense itself* * * *." (Emphasis in original) *Id.* at ¶ 15.

{¶65} Because I believe that the majority has read much more into the language of H.B. 86 than the legislature intended, I must dissent from that portion of the majority's opinion. I would hold that, while Solomon is entitled to a reduction in penalty, he is not entitled to a reduction in the level of his offense. I concur with the majority opinion in all other respects.


Please note:

The court has recorded its own entry on the date of the release of this opinion.