[Cite as *State v. Benton*, 2012-Ohio-5851.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110786 |
| | | TRIAL NO. B-1101334 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| EMMANUEL BENTON, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 12, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Emmanuel Benton appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to 18 months in the department of corrections for possession of cocaine, a fourth-degree felony. Because we determine that the trial court erred in sentencing Benton under 2011 Am.Sub.H.B. No. 86 ("H.B. 86") and the amended version of R.C. 2925.11, we reverse.

{¶2}   In May 2011, Benton pleaded guilty as charged in the indictment to possession of a controlled substance under R.C. 2925.11(A). The indictment charged Benton with possessing crack cocaine in an amount equal to one gram, but less than five grams. At the time of Benton's guilty plea, former R.C. 2925.11(C)(4)(b) provided that possession of crack cocaine in the amount as alleged in Benton's indictment was a fourth-degree felony offense, punishable by up to 18 months in prison under R.C. 2929.14. In November 2011, the trial court sentenced Benton to 18 months' imprisonment. This appeal ensued.

*H.B. 86*

{¶3}   In his first assignment of error, Benton argues that the trial court erred in imposing a sentence in excess of that allowed by statute. In particular, Benton argues that, under H.B. 86, he was entitled to the benefit of a reduced penalty for his cocaine-possession offense. Benton did not raise this particular error before the trial court, and, thus, we review Benton's argument under a plain-error analysis. *See* Crim.R. 52(B).

{¶4}   H.B. 86 became effective on September 30, 2011, prior to Benton's sentencing, but after he had pleaded guilty. *See State v. Jones*, 1st Dist. No. C-

110603, 2012-Ohio-2075, ¶ 11. In Section 3 of H.B. 86, the General Assembly provided that amendments to R.C. 2925.11 "that are made in this act apply to a person who commits an offense involving marihuana, cocaine, or hashish on or after the effective date of this act and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." R.C. 1.58(B) states that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶5} R.C. 2925.11(C)(4)(a), as amended by H.B. 86, provides that possession of less than five grams of cocaine, whether in the form of powder or crack, is a fifth-degree felony, punishable by up to 12 months' imprisonment under R.C. 2929.14. At the time of Benton's plea, former R.C. 2925.11(C)(4)(b) provided that possession of crack cocaine in the amount as alleged in Benton's indictment was a fourth-degree felony, punishable by up to 18 months in prison under R.C. 2929.14. Benton contends that, pursuant to R.C. 1.58(B), he is entitled to be sentenced pursuant to the amended version of R.C. 2925.11 for a fifth-degree felony.

{¶6} The state argues that R.C. 1.58(B) does not operate to reduce the degree of offense. According to the state, Benton committed and pleaded guilty to a fourth-degree felony, and both before and after H.B. 86, a fourth-degree felony is punishable by up to 18 months in prison. Therefore, the state argues that Benton's sentence is not contrary to law.

{¶7} In *State v. Solomon*, 1st Dist. No. C-120044, 2012-Ohio-5755, a majority of this court determined that the General Assembly in Section 3 of H.B. 86 intended that the amended version of R.C. 2925.11 apply to those who were

3

sentenced after the effective date of H.B. 86, but who had committed their crimes prior to the effective date, and that the amended version of R.C. 2925.11 includes any possible reduction in the degree of offense—not just a reduction in the sanction for that offense. *Id.* at ¶ 49.

{¶8} Applying *Solomon* to the instant case, we hold that, by pleading guilty to possession of less than five grams of cocaine, Benton is entitled to be convicted of a fifth-degree felony offense under H.B. 86 and the amended version of R.C. 2925.11. Thus, the trial court erred in convicting Benton of a fourth-degree felony, and we sustain Benton's first assignment of error. Consequently, we reverse the trial court's judgment, and we remand the case with instructions for the trial court to vacate Benton's fourth-degree felony conviction, to enter a conviction for a fifth-degree felony, and to resentence Benton in accordance with a fifth-degree felony offense.

*Remaining Assignments of Error are Moot*

{¶9} In Benton's second assignment of error, he argues that the trial court erred in imposing a prison sentence, and, instead, Benton should have received community control under R.C. 2929.13(B)(1)(a). In his third assignment of error, Benton argues that the trial court abused its discretion by considering improper factors in sentencing, including Benton's pending criminal charges and receipt of public assistance. Because we remand Benton's case for resentencing, Benton's second and third assignments of error are moot, and we decline to address them.

Judgment reversed and cause remanded.

CUNNINGHAM, P.J., concurs.
DINKELACKER, J., concurs in part and dissents in part.

4

**DINKELACKER, J.**, concurring in part and dissenting in part.

{¶10} For the reasons set forth in my dissent in *State v. Solomon*, 1st Dist. No. C-120044, 2012-Ohio-5755, I must respectfully dissent in this case as well. I would hold that Benton is entitled to a reduction in the sanction for his offense under H.B. 86 and R.C. 1.58(B), but he is not entitled to a reduction in the level of offense. Therefore, Benton's conviction should remain a fourth-degree felony, but he is entitled to a reduced sanction for a fifth-degree felony.

Please note:
The court has recorded its own entry on the date of the release of this opinion.